

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

DELORES CRUMP AS CONSERVATOR OF
JONATHAN DILLARD                                                             PLAINTIFFS

V.                                                                                    NO. 3:07cv4 - D-A

BEVERLY ENTERPRISES-MISSISSIPPI, INC. d/b/a
BEVERLY HEALTHCARE-EASON BOULEVARD
AND BEVERLY HEALTHCARE-TUPELO, BEVERLY
HEALTH AND REHABILITATION SERVICES, INC.,
AURORA HEALTHCARE, INC., AURORA CARE, INC.
and JANE DOES 1-6                                                             DEFENDANTS

## COMPLAINT

**Plaintiff Demands Trial by Jury**

COMES NOW Plaintiff, Delores Crump, Individually and for and on behalf of Jonathan Dillard, by and through attorney of record and files this her Complaint against Defendants. In support of this Complaint, Plaintiff would set forth the following:

### PARTIES

1. The Plaintiff, Delores Crump, is an adult resident citizen of Pontotoc County, residing at 275 Falkner Road, Pontotoc, Mississippi 38863, and is the duly appointed Conservator of Jonathan Dillard.

2. Beverly Enterprises-Mississippi, Inc. is an Arkansas corporation, registered to do business and doing business in the state of Mississippi at multiple locations under various names, including d/b/a Beverly Healthcare-Eason Boulevard and Beverly Healthcare-Tupelo. Defendant Beverly Enterprises-Mississippi, Inc. can be served with process by serving its registered agent for service of process CSC of Rankin County, Inc., Mirror Lake, 2829 Lakeland Drive, Suite 1502, Flowood, Mississippi 39232.

3. Defendant, Beverly Health and Rehabilitation Services, Inc. is an Arkansas corporation which may be served with process by serving its registered agent for service of process, at CSC of Rankin County, Mirror Lake, 2829 Lakeland Drive, Suite 1502, Flowood, Mississippi 39232. It is the parent of Beverly Enterprises-Mississippi, Inc.

4. Aurora Healthcare, LLC is a New York Corporation registered and doing business in the state of Mississippi. Aurora Healthcare, LLC may be served with process by serving its registered agent Corporation Service Company, 506 South President Street, Jackson, Mississippi 39201.

5. Aurora Cares, LLC is a New York Corporation registered and doing business in the state of Mississippi. Aurora Cares, LLC may be served with process by serving its registered agent Corporation Service Company, 506 South President Street, Jackson, Mississippi 39201.

6. Jane Does 1-6 are believed to be nurses, CNA's or other staff members who had client contact and rendered care to the Plaintiff.

## JURISDICTION

7. This Court has jurisdiction of the parties and the subject matter herein as Plaintiff's claims exceed $75,000.00 and diversity of citizenship exists herein pursuant to U. S. Code Ann. § 1332 et seq.

8. At all times relevant the Beverly entities or the Aurora entities owned and/or operated nursing homes known as Beverly Healthcare-Eason Boulevard and Beverly Healthcare-Tupelo which were established to and did provide shelter, food, custodial care and medical care to, as well as safety provisions for, aged and/or infirm persons.

9. Plaintiffs have provided sixty (60) day pre-suit notice as required by Miss. Code Ann. § 15-1-36. See Exhibit "A" attached.

## **FACTS**

10. The nursing homes operated as Beverly Healthcare-Eason Boulevard and Beverly Healthcare-Tupelo receive payment and reimbursement from federal and state funds, including the Medicare program, and are subject to and bound by 42 U.S.C. §1396, et. seq., related statutes and regulations promulgated thereunder in 42 C.F.R. Part 483, as well as Mississippi Law.

11. During the course of his stay at Beverly Healthcare-Eason Boulevard and Beverly Healthcare-Tupelo, Jonathan Dillard received medical care at, from and under the supervision of and pursuant to policies and procedures of either the Beverly entities or the Aurora entities, or both.

12. At the time of his admission to the facilities, Jonathan Dillard entered into contracts with them under which the Defendants agreed to provide medical treatment care, personal care, supervision, medicine, nutrition and other custodial, palliative and rehabilitative care pursuant to accepted standards within the community and pursuant to state and federal regulations.

13. Jonathan Dillard was hospitalized while a resident at Beverly Healthcare-Eason Boulevard as a result of severe dehydration.

14. This aforementioned dehydration experienced by Mr. Dillard was a direct result and consequence of the inaction and failure of the Defendants to implement processes and procedures by which hydration needs could be met. As a result of the negligence of the Defendants, Mr. Dillard sustained injuries.

15. During the course of his stay at Beverly Healthcare-Tupelo, Jonathan Dillard was allowed to develop decubitus ulcers which caused pain and necessitated additional medical treatment.

16. The aforementioned decubiti experienced by Mr. Dillard were a direct result and consequence of the inaction and failure of the Defendants to implement processes and procedures

by which skin breakdowns could be prevented and/or treated. As a result of the negligence of the Defendants Holt, Mr. Dillard sustained injuries.

17. As a further result of the foregoing, Jonathan Dillard suffered from mental and physical trauma, injury, pain and suffering.

## COUNT I - NEGLIGENCE AND NEGLIGENCE *PER SE*

18. At all times relevant hereto, Defendants acted, or failed to act, through their agents, servants and/or employees, and are legally liable for all harm caused by their negligence to Jonathan Dillard as set forth herein.

19. At all times relevant hereto, Defendants operated, controlled and supervised the activities of all individuals charged with care of Jonathan Dillard as averred herein, and had a duty to assure their compliance with Federal and State statutes, criminal laws, regulations and standards of care.

20. At all times relevant hereto, Defendants' actions and inactions and those of its employees, agents or servants, as well as those residents for whom the Defendants were responsible, constituted breaches and violations of the standard of care which are set forth in applicable federal and state regulations pertaining to the standards and requirements for providing long term nursing care pursuant to 42 U.S.C. §1396, et. seq. and related statutes and regulations promulgated thereunder in 42 C.F.R. Part 483, as well as Mississippi Law.

21. The foregoing injuries and damages to Jonathan Dillard were caused by the negligence of Defendants due to the following departures from the standard of care:

    a. Failure to supervise and to train staff to provide adequately trained staff in sufficient numbers in order to furnish reasonable, safe, efficient and effective care to Jonathan Dillard thereby increasing the risk of harm to him, which harm did occur,

due to severe traumatic injuries, malnutrition, dehydration and other deteriorations in his physical, mental and emotional health;

b.       Failure to adequately and properly feed and hydrate Jonathan Dillard so as to reduce or eliminate the risk of him becoming malnourished and dehydrated and other deteriorations in his physical, mental and emotional health;

c.       Negligence *per se* due to the failure of Defendants to comply with applicable State and Federal Regulations pertaining to the standards and requirements for providing long term nursing care pursuant to 42 U.S.C. §1396 et. seq. and related statutes, regulations promulgated thereunder in 42 C.F.R. Part 483, and Mississippi Law;

d.       Failure to promulgate rules, regulations, protocols or procedures so as to cause employees and all persons conducting business within their respective premises to provide care to Jonathan Dillard within accepted standards;

e.       Failure to document and monitor Mr. Dillard's condition as required by the Defendants' own policies and Mississippi law; and

f.       Failure to properly assess Mr. Dillard's condition and develop and implement an appropriate care plan for him.

22.       At all times relevant hereto, Defendants knew or should have known that they had breached the direct and non-delegable duties owed to Jonathan Dillard to use reasonable care in maintaining safe and adequate facilities and equipment, to select and retain competent physicians, to oversee all personnel who practice medical services within its premises as to patient care and to formulate and enforce adequate rules and policies to ensure quality care for patients.

23.       At all times relevant hereto, Defendants were on constructive notice that Jonathan

Dillard's condition involved a heightened risk for dehydration and skin breakdown and that, furthermore, the Defendants had on previous occasions allowed Mr. Dillard to become dehydrated, resulting in personal injuries, and despite being on notice of Mr. Dillard's condition, that the Defendants did nothing to deter, prevent, or restrain Mr. Dillard from further dehydration and skin breakdowns.

## COUNT II - BREACH OF CONTRACT

24. The averments of paragraphs one through twenty-two are incorporated herein as if set forth at length below.

25. At the time of his admission to the facilities and at all other times relevant, Jonathan Dillard had entered into contracts for the provision of medical and custodial service with Beverly Healthcare-Eason Boulevard and Beverly Healthcare-Tupelo which required it to provide him care and/or to ensure that he was cared for within applicable standards.

26. By their actions and failures to so act, Defendants breached their contracts with Jonathan Dillard.

27. As a result of said breaches of contract, Jonathan Dillard suffered harm as set forth herein.

## COUNT III - RESPONDEAT SUPERIOR

28. Defendants are responsible for the acts and omissions, including the negligence and gross negligence of its employees and agents under the theory of respondeat superior.

29. The negligence and gross negligence of Defendants which breached the standard of care owed to Jonathan Dillard, caused Mr. Dillard great harm and damage. Such negligence and gross negligence is imputed to the Defendants.

## COUNT IV - PUNITIVE DAMAGES

30. The averments of paragraphs one through twenty-eight are incorporated herein as if set forth at length below.

31. It is believed and therefore averred that during the time Jonathan Dillard was under the care, supervision and custody of Defendant Beverly Healthcare-Eason Boulevard and Beverly Healthcare-Tupelo, through their staff, knowingly and willingly and in reckless disregard for his health and safety failed as set forth herein to provide him adequate, reasonable and standard care so as to reduce its expenditures and to maximize, increase and insure substantial, unjustified and unreasonable financial profit to their own benefit and to the detriment of Jonathan Dillard.

32. At all times relevant hereto, Beverly Healthcare Eason-Boulevard and Beverly Healthcare-Tupelo, through their staff and their conduct and omissions in failing to provide reasonable and standard medical and custodial care to Jonathan Dillard were grossly negligent and of such outrageous, egregious and offensive character and so offensive to community standards as to subject it to punitive damages

## DAMAGES

33. As a direct and proximate result of the acts and omissions of the defendants, as herein alleged, plaintiffs have suffered and will continue to suffer in the future, actual and compensatory damages including but not limited to the following:

    a. physical sickness, diminishment of health and medical expenses of Jonathan Dillard;

    b. psychological and emotional trauma, distress, worry, anxiety, and mental suffering of Jonathan Dillard;

    c. physical pain and suffering of Jonathan Dillard; and

    d. loss of enjoyment of life of Jonathan Dillard.

34. Plaintiffs also request an award of punitive damages necessary to deter conduct of the nature alleged in the future.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that upon a trial of this matter, a judgment will be returned in excess of the minimum jurisdictional limits of this Court, plus punitive damages, pre-judgment interest, attorneys fees and all reasonable costs.

        DELORES CRUMP FOR AND ON BEHALF OF
        JONATHAN DILLARD

        By: *[signature]*
          W. ERIC STRACENER

OF COUNSEL:

W. ERIC STRACENER, MSB #10429
BARIA, FYKE, HAWKINS & STRACENER, PLLC
129B S. President Street
Post Office Box 24627
Jackson, MS 39225-4627
Telephone: (601) 969-9692
Telecopier: (601) 914-3580

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

**DELORES CRUMP AS CONSERVATOR OF**
**JONATHAN DILLARD**                                                                                   **PLAINTIFFS**

**V.**                                                                                                  NO. _____

**BEVERLY ENTERPRISES-MISSISSIPPI, INC. d/b/a**
**BEVERLY HEALTHCARE-EASON BOULEVARD**
**AND BEVERLY HEALTHCARE-TUPELO, BEVERLY**
**HEALTH AND REHABILITATION SERVICES, INC.,**
**AURORA HEALTHCARE, INC., AURORA CARE, INC.,**
**and JANE DOES 1-6**                                                                                   **DEFENDANTS**

### ATTORNEY CERTIFICATE

1.  I am a competent adult resident citizen and an attorney licensed to practice in all Courts in the State of Mississippi and is a member in good standing of the Mississippi Bar.

2.  I have reviewed the facts of the case as set forth in the preceding Complaint and have consulted with at least one expert qualified pursuant to the Mississippi Rules of Civil Procedure and the Mississippi Rules of Evidence to give expert testimony as to the standard of care or negligence.

3.  I believe said expert is knowledgeable in the relevant issues as set forth in the Complaint. Based on our review and consultation, there is a reasonable basis for the commencement of the instant action.

_____
W. ERIC STRACENER